WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
         jchang@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS (**Pension Fund** by its Trustees, Cedric Ota, Leonard Leong, Alan Shintani, Fred Lau, Karl Kamada, Greg Uyematsu, Mark Matsumoto, Peter Ganaban, Toni Figueroa, Alfonso Oliver, Pete Lindsey, and Narsi Ganaban; **Health & Welfare Fund** by its Trustees, Ron Prescott, Russell Nonaka, Anacleto Alcantra, Mark Tagami, Mark Tamashiro, Alfonso Oliver, Peter Ganaban, Mark Travalino, Toni Figueroa, and Mark Matsumoto; **Annuity Fund** by its Trustees, Ryan Wada, Clay Asato, Anacleto Alcantra, Craig Nakanishi, | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBITS "1" – "4"; SUMMONS** |

| | |
|---|---|
| Claude Matsumoto, Mark Matsumoto, Peter Ganaban, Alfonso Oliver, Narsi Ganaban, and Toni Figueroa; **Laborers' and Employers' Cooperation and Education Trust Fund (LECET)** by its Trustees, Leonard Dempsey, Kenneth Kobatake, Mark Tamashiro, Deron Matsuoka, Joby North II, Toni Figueroa, Ryan Kobayashi, and Orlando Paeste; **Apprenticeship and Training Fund** by its Trustees, Colin Ching, Anthony Tomas, Micah Furuyama, Van Goto, Scott I. Higa, Leonard Leong, Peter Ganaban, Toni Figueroa, Joseph Yaw, Alvis McCann, and Esther Aila, **Vacation & Holiday Fund by its Trustees**, Burt Watanabe, Anacleto Alcantra, Kyle Nakamura, Claude Matsumoto, Alfonso Oliver, Peter Ganaban, Toni Figueroa and Narsi Ganaban), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| LANGOIA NISA, individually, and doing business as NISA CONTRACTOR, and LEOLA NISA, individually, | ) ) ) ) ) |
| Defendants. | ) ) |

2

## COMPLAINT FOR SPECIFIC
## PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendants above-named allege and aver as follows:

### FIRST CAUSE OF ACTION
### (SPECIFIC PERFORMANCE)

1. Plaintiffs are the Trustees of the Hawaii Laborers' Trust Funds which consist of the Hawaii Laborers' Health & Welfare Trust Fund, Hawaii Laborers' Pension Trust Fund, Hawaii Laborers' Apprenticeship and Training Trust Fund, Hawaii Laborers' Vacation & Holiday Trust Fund, Hawaii Laborers' Annuity Trust Fund, and Hawaii Laborers and Employers' Cooperative and Education Trust Fund (hereafter "Trust Funds").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.

Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

        3.    At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

        4.    Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendants LANGOIA NISA, individually, and doing business as NISA CONTRACTOR (hereinafter "Defendant" or "Defendant LANGOIA"), was and is now, a Hawaii resident, living and doing business in the State of Hawaii.

5. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant LEOLA NISA, individually, (hereinafter "Defendant LEOLA"), was and is now, a Hawaii resident.

6. On or about July 31, 2012, Defendant LANGOIA, by and through his authorized representative, Defendant LEOLA, made, executed and delivered to the Laborers' International Union of North America, Local 368, AFL-CIO (hereinafter "Laborers' Union"), that certain written collective bargaining agreement, effective August 1, 2012, entitled "Certification of Receipt And Acceptance – Master Agreement Covering Construction Laborers in the State of Hawaii And Agreements And Declaration of Trust Appurtenant Hereto" (hereinafter "Agreement") covering Defendant's laborers in the State Of Hawaii. A true copy of said Agreement is attached hereto as Exhibit "1" and is incorporated herein by reference. Said Agreement by its terms incorporated the Master Agreement Covering Construction Laborers in the State of Hawaii and the various Trust Agreements establishing each of Plaintiffs' trusts. By said agreement(s), Defendant promised to contribute and

pay to the Trust Funds and Plan (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after August 1, 2012.

       7.    By said agreement(s), Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendants' covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after August 1, 2012, to permit audits of his payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

       8.    By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would

pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

9. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

10. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions, beginning on the first of the month following the monthly contributions due date.

11. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

12. Defendants now continue to fail, neglect and refuse to submit timely payments and reports, and unless ordered to specifically perform the agreement(s) to submit timely payments and reports, Defendant will continue to fail, neglect and refuse to submit timely payments and reports. Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments, reports and allow an audit of his payroll records pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (NOVEMBER 19, 2018 SETTLEMENT
## AGREEMENT AND PROMISSORY NOTE

13. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 12. of the First Cause Of Action hereinabove set forth.

14. On or about November 19, 2018, Defendant LANGOIA and Defendant LEOLA (hereinafter collectively "Defendants"), executed a Settlement Agreement and Defendant LANGOIA entered into a Promissory Note, both dated November 19, 2018 and effective on even date (true and correct copies of said November 19, 2018 Settlement Agreement and Promissory Note are attached hereto as Exhibits "2 and "3", respectively), acknowledging the obligation to pay to Plaintiffs the monetary amount of $119,709.04, including twelve percent (12%) per annum interest thereon, which sum represented the liquidated amount owed by said Defendant to Plaintiffs for the audit reports period of August 2014 through June 2018.

15. Obligations required by the November 19, 2018 Settlement Agreement have not been complied with and Defendant

is in default thereunder and pursuant to November 19, 2018 Settlement Agreement and Promissory Note with Plaintiffs.

16. Plaintiffs notified Defendant that said Defendant had defaulted on the November 19, 2018 Settlement Agreement and Promissory Note and, therefore, Plaintiffs would be asserting their rights under the November 19, 2018 Settlement Agreement and Promissory Note to immediate payment of the amounts due under the November 19, 2018 Promissory Note from said Defendant.

17. Pursuant to the November 19, 2018 Promissory Note, Defendant agreed to pay all costs of collection, including reasonable attorney's fees, incurred by Plaintiffs in the collection of the amounts due on the November 19, 2018 Promissory Note.

18. By virtue of the foregoing, Plaintiffs have been damaged by Defendant in the principal amount of $97,120.93 (as of July 31, 2019) plus interest through April 28, 2020 of $8,685.01 totaling $105,805.94, and at $31.93 per diem from April 28, 2020 until entry of judgment thereon and such additional amounts as may be proven at trial or hearing on proof.

19. This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C., § 1367.

## THIRD CAUSE OF ACTION
## (NOVEMBER 19, 2018 GUARANTY)

20. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 19 of the First and Second Causes of Action hereinabove set forth.

21. On or about November 19, 2018, Defendant LANGOIA and Defendant LEOLA ("collectively "Defendants"), executed a November 19, 2018 Trust Fund Continuing Guaranty ("Guaranty"), whereby Defendants personally guaranteed payment of Defendant LANGOIA's November 19, 2018 Promissory Note and any and all further delinquencies of Defendant under his agreements with the Laborers' Union.  A true and accurate copy of said November 19, 2018 Guaranty is attached hereto as Exhibit "4".

22. Plaintiffs notified Defendants that because Defendant LANGOIA NISA, individually, and doing business as NISA CONTRACTOR had defaulted on said November 19, 2018 Settlement Agreement and November 19, 2018  Promissory Note,

Plaintiffs were asserting under the Guaranty their right to immediate payment on said November 19, 2018 Promissory Note from Defendant LANGOIA NISA, individually, and doing business as NISA CONTRACTOR.

23.   Defendant LEOLA NISA, individually, and Defendant LANGOIA NISA, individually, and doing business as NISA CONTRACTOR, have refused and failed to comply, and continue to refuse and fail to comply, with Plaintiffs' demand for payment pursuant to the express terms of the November 19, 2018 Settlement Agreement, Promissory Note and Guaranty.

24.   Accordingly, as a result of said breach of the Guaranty, Defendants LANGOIA and LEOLA are jointly and severally liable to Plaintiffs for the amounts described as owed to Plaintiffs by Defendant LANGOIA NISA, individually, and doing business as NISA CONTRACTOR under the November 19, 2018 Promissory Note.

25.   By virtue of the foregoing, Plaintiffs have been damaged in the amount of $105,805.94, plus interest at $31.93 per

diem from April 28, 2020, and such additional amounts as may be proven at trial of hearing on proof.

26. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

27. This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant LANGOIA NISA, individually, and doing business as NISA CONTRACTOR and Defendant LEOLA NISA, individually, ("Defendants"), jointly and severally, as to the First, Second and Third Causes of Action hereinabove set forth, as follows:

1. That the Court order Defendant to submit timely reports and payments in accordance with said agreement(s).

2. That the Court order Defendant to permit Plaintiffs to audit its payroll books and records for the period of November July 1, 2018 through the present in accordance with said agreement(s).

3. That the Court awards to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court awards to Plaintiffs and against Defendant interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s). 29 U.S.C. § 1132(g).

5. That the Court orders and compels Defendant to furnish to each of the six (6) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

      6.    That the Court award Plaintiffs and against Defendants the sum of $105,805.94, plus interest at $31.93 per diem interest from April 28, 2020 until entry of judgment herein.

      7.    That the Court awards the Plaintiffs and against the Defendants contributions plus interest on said contributions at the rate prescribed under the agreement(s) of twelve percent (12%) on any report or audit contributions discovered by Plaintiffs.

      8.    That the Court awards the Plaintiffs and against the Defendants liquidated damages as provided in said agreement(s), or an amount equal to interest (computed at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

      9.    That the Court awards the Plaintiffs and against the Defendants such additional amounts, including, but not limited to, contributions, liquidated damages, interest (12%) on any additional report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

10. That the Court awards the Plaintiffs and against the Defendants all collection costs, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

11. That the Court orders and awards any further and additional relief as the Court deems proper.

DATED: Honolulu, Hawaii, __May 1__, 2020.

**WEINBERG, ROGER & ROSENFELD**

*/S/ ASHLEY K. IKEDA*

ASHLEY K. IKEDA
JERRY P.S CHANG
Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
LABORERS' TRUST FUNDS